**UNITED STATES DISTRICT COURT**
**for the**
**SOUTHERN DISTRICT OF FLORIDA**
(WEST PALM BEACH DIVISION)

**Case No. 9:21-CV-81925-CV-Middlebrooks**

| | |
|---|---|
| COLONIAL CLUB CONDOMINIUM ASSOC. SEC 1, INC.,<br><br>     Plaintiff,<br><br>v.<br><br>MARIA CAGLIOTI, ELIZABETH CAGLIOTI, AND TERESA CAGLIOTI,<br><br>     Defendants.<br>_____/ | [formerly County Court of Palm Beach County, Florida – Case No. 502021SC019476XXXXNBRH |

**PLAINTIFF'S MOTION FOR REMAND**

Plaintiff moves for remand to the County Court of Palm Beach County, Florida, and argues:

SUMMARY

1.     Plaintiff asserts no federal claims in its Statement of Claim brought under the Florida Small Claims Rules in the County Court of Palm Beach County, Florida. Defendants attempt to, but cannot, remove Plaintiff's suit to the District Court based on federal defenses or even federal counterclaims. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994) (*internal citations omitted*). "Federal courts must construe removal statutes strictly and resolve any doubt as to jurisdiction in favor of remand to state court." *Henry v. Examworks Inc*. (11th Cir. 2021) (*citing Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Defendants must prove subject matter jurisdiction. And, though Defendants cite

*COLONIAL CLUB CONDOMINIUM ASSOC. SEC 1, INC., v.*
*MARIA CAGLIOTI, ELIZABETH CAGLIOTI, AND TERESA CAGLIOTI,*
*Case No.: 9:21-CV-81925-CV-Middlebrooks*

cases approving removal in other circumstances, none of Defendants' cases support removal on the facts alleged in Plaintiff's Statement of Claim. Respectfully, this Court lacks subject matter jurisdiction to adjudicate Plaintiff's state law Statement of Claim.

## THE STATEMENT OF CLAIM

### WHAT PLAINTIFF'S CASE IS

2. Plaintiff sued under 5 causes of action: claims for temporary and permanent injunctive relief, a claim for declaratory relief, and claims for ordinary and special damages. None of the claims contain elements sounding in federal law.

3. All claims are based on

   a. the Declaration of Condominium of Colonial Club Condominium Assoc. Sec. 1, Inc., recorded in Off. Rec. Bk. 1955, P. 1116, as amended and restated in that certain Amended and Restated Declaration of Condominium of Colonial Club Condominium Assoc. Sec. 1, Inc., recorded in Official Record Book 21380, Page 1562, et seq., Public Records of Palm Beach County, Fla. (attached to the Statement of Claim, which is Exhibit "1" to the Notice of Removal), and

   b. ch. 718, FLA. STAT. (2021) (the Florida Condominium Act)

each of which prescribes rights, obligations, and relationships of and between condominium associations, like Plaintiff, unit owners, like Defendant Maria Caglioti, and unit occupants like Defendants Theresa Caglioti and Elizabeth Caglioti.

*COLONIAL CLUB CONDOMINIUM ASSOC. SEC 1, INC.,* v.
*MARIA CAGLIOTI, ELIZABETH CAGLIOTI, AND TERESA CAGLIOTI,*
Case No.: 9:21-CV-81925-CV-Middlebrooks

### WHAT PLAINTIFF'S CASE IS NOT

4. Plaintiff seeks no relief under 42 U.S.C. § 3601 or any other federal statute. It has not artfully drafted its Statement of Claim to avoid federal claims – it simply knows of no federal cause of action against Defendants applicable to the facts of the Case.

### FEDERAL QUESTION JURISDICTION

### PLAINTIFF'S CAUSE OF ACTION

5. Plaintiff asserts no federal question claims. Its Statement of Claim asserts that Defendants violated condominium covenants - one which prohibits most pets, including pet dogs and one which requires prompt, full payment of condominium maintenance assessments. Florida "[c]ondominiums and the forms of ownership interests therein are strictly creatures of [Florida] statute." *Woodside Village Condominium Ass'n, Inc. v. Jahren*, 806 So. 2d 452,455 (Fla. 2002) (*citing* §§ 718.101-718.622, FLA. STAT. (2000)). Plaintiff sought injunctive relief under the Declaration and the Condominium Act; "[s]ection 718.303(1), Florida Statutes (2009), permits a unit owner to seek injunctive relief for failure of a condominium association to comply with its rules or the Condominium Act. It follows that the same rule applies when an association brings an action for injunctive relief against a unit owner." *Hollywood Towers Condominium Ass'n, Inc., v. Hampton,* 40 So. 3d 784 (Fla. DCA 4th 2010) (*internal quotation omitted).* On the damages claims, § 718.116(1)(a), FLA. STAT. (2021), provides pertinently, "A unit owner, regardless of how his or her title has been acquired…is liable for all assessments which come due while he or she is the unit owner." Regarding all the claims, § 718.303(1), FLA. STAT. (2021), provides,

*COLONIAL CLUB CONDOMINIUM ASSOC. SEC 1, INC., v.*
*MARIA CAGLIOTI, ELIZABETH CAGLIOTI, AND TERESA CAGLIOTI,*
*Case No.: 9:21-CV-81925-CV-Middlebrooks*

> [e]ach unit owner, tenant and other invitee, and association is governed by, and must comply with the provisions of, this chapter, the declaration, the documents creating the association, and the association bylaws which are expressly incorporated into any lease of a unit. Actions at law or in equity, or both, for failure to comply with these provisions may be brought by the association or by a unit owner….

Finally, in seeking declaratory relief, Plaintiff asserted claims under Florida's own declaratory judgment statute, ch. 86, FLA. STAT. (1990), which provides pertinently at § 86.011, "circuit and county courts have jurisdiction within their respective jurisdictional amounts to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed."

    6.    All of Plaintiff's claims are founded in Florida contract law (the Declaration) and statutory law (Florida's Condominium Act and Declaratory Judgment Statute). Plaintiff cannot imagine a federal cause of action applicable to the relief it seeks. Defendants, on whom the burden rests, identifies no federal statute on which Plaintiff could bring its Statement of Claim. On the other hand, Defendants arguably may assert defenses arising under federal law against some of Plaintiff's claims. But that possibility does not give rise to removal jurisdiction. Simply put, had Defendants not appeared or raised any defenses, the County Court would need not resort to federal law to grant Plaintiff's sought-after relief.

DEFENDANTS ASSERT THIS CASE MUST RESOLVE A SUBSTANTIAL FEDERAL QUESTION

    7.    Defendants assert, "Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, specifically whether Defendants are entitled to a waiver of the no pet rule based upon the FHA." Notice of Removal, at ¶15. Defendants cite no cases in support.

*COLONIAL CLUB CONDOMINIUM ASSOC. SEC 1, INC., v.*
*MARIA CAGLIOTI, ELIZABETH CAGLIOTI, AND TERESA CAGLIOTI,*
*Case No.: 9:21-CV-81925-CV-Middlebrooks*

In *Empire Heathchoice*, cited generally by Defendants earlier, the Supreme Court evaluated its prior cases involving federal question jurisdiction in relation to removal. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677 (2006). It reviewed, for instance, *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005). *Grable*, a removal case, held a state law quiet title action was properly removed because "[t]he meaning of the federal tax provision…is an important issue of federal law that sensibly belongs in a federal court." 547 U.S. at 700. In distinguishing *Grable*, from the case before it, the *Empire Healthchoice* Court continued:

> This case is poles apart from Grable….The dispute there centered on the action of a federal agency (IRS) and its compatibility with a federal statute, the question qualified as "substantial," and its resolution was both dispositive of the case **and would be controlling in numerous other cases**….Here, the reimbursement claim was triggered, not by the action of any federal department, agency, or service, but by the settlement of a personal-injury action launched in state court…and the bottom-line practical issue is the share of that settlement properly payable to Empire.
>
> Grable presented a nearly "pure issue of law," **one "that could be settled once and for all and thereafter would govern numerous tax sale cases**." In contrast, Empire's reimbursement claim…is **fact-bound and situation-specific**. McVeigh contends that there were overcharges or duplicative charges by care providers, and seeks to determine whether particular services were properly attributed to the injuries caused by the 1997 accident and not rendered for a reason unrelated to the accident.

*Id.* (*Internal citations omitted, emphasis supplied*). Here, even if Defendants' defenses and counterclaims could support removal jurisdiction, like *Empire Heatlhchoice* and unlike *Grable*, this case "is fact-bound and situation-specific" and resolution of this Case, even in federal court will not resolve or inform "numerous other cases."

*COLONIAL CLUB CONDOMINIUM ASSOC. SEC 1, INC.*, v.
*MARIA CAGLIOTI, ELIZABETH CAGLIOTI, AND TERESA CAGLIOTI,*
Case No.: 9:21-CV-81925-CV-Middlebrooks

DEFENDANTS' DEFENSES[1]

8. In the Notice of Removal, Defendants suggest defenses grounded in 42 U.S.C. §§ 3601 *et seq*. While Defendants correctly lift a quote from a federal case standing for the proposition that some cases not involving pled federal questions might be removed, *Empire Healthcchoice* does not help them. The *Empire Healthchoice* Court relies on its prior decision:

> A case "aris[es] under" federal law within the meaning of § 1331, this Court has said, if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.*" Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal*., 463 U. S. 1, 27-28 (1983).

547 U.S. *at* 690. Even if "allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U. S. 1, 10 (1983) (*internal citation omitted*). "[A]right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. *Id.* (*internal citation omitted*).

> [S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.

463 U.S. *at* 14.

---

[1] Though Defendants have not answered the Statement of Claim, Plaintiff's anticipates, though it need not, some of the defenses as articulated in the Notice of Removal.

*COLONIAL CLUB CONDOMINIUM ASSOC. SEC 1, INC., v.*
*MARIA CAGLIOTI, ELIZABETH CAGLIOTI, AND TERESA CAGLIOTI,*
*Case No.: 9:21-CV-81925-CV-Middlebrooks*

### DEFENDANTS' COUNTERCLAIM

9. "[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for "arising under" jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc*., 535 US 826,831 (2002).

### CONCLUSION

10. The Ninth Circuit, cited by Defendants perhaps says it most succinctly and practically: "because the critical inquiry when reviewing the denial of a motion to remand is 'whether the federal district court would have had original jurisdiction of the case had it been filed in that court,' the use of any other standard would be incongruous." *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4*, 132 F.3d 824, 831 (1st Cir. 1997) (quoting *Grubbs v. General Elec. Credit Corp*., 405 U.S. 699,702 (1972). Plaintiff could not have brought is claim before this Court; therefore, remand is required.

WHEREFORE, Plaintiff respectfully requests the Court remand this Case to the County Court of Palm Beach County, Florida.

    Respectfully submitted,
    */s/ Larry T. Cortez*
    Larry T. Cortez
    Florida Bar № 0084943
    Larry@WyantCortez.com
    Associations@WyantCortez.com
    WYANT-CORTEZ & CORTEZ, Chartered
    840 U.S. Highway One, Suite 345
    North Palm Beach, FL 33408
    Telephone: 561.627.0009

*COLONIAL CLUB CONDOMINIUM ASSOC. SEC 1, INC., v.*
*MARIA CAGLIOTI, ELIZABETH CAGLIOTI, AND TERESA CAGLIOTI,*
*Case No.: 9:21-CV-81925-CV-Middlebrooks*

Facsimile: 561.627.4900
*Plaintiff's Attorneys*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 1, 2021, I filed a true and correct copy of the foregoing Motion for Remand, with the Clerk of the Court using the CM/ECF System, and that the foregoing document is being served this day on all counsel of record either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other manner authorized for those counsel or parties who are not authorized to receive Notice of Electronic Filings.

*/s/ Larry T. Cortez*
Larry T. Cortez
Florida Bar № 0084943