## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO: 21-81925-CV-MIDDLEBROOKS

COLONIAL CLUB CONDOMINIUM ASSOCIATION
SEC 1, INC.,

      Plaintiff,

v.

MARIA CAGLIOTI, ELIZABETH CAGLIOTI and
TERESA CAGLIOTI,

      Defendants.

_____/

## ORDER REMANDING CASE

THIS CAUSE comes before the Court upon Plaintiffs' Motion to Remand ("Motion"), filed on November 2, 2021. (DE 7). The Motion is fully briefed. (DE 11; DE 12). For the reasons set forth below, the Motion is granted.

## I.      BACKGROUND

Plaintiff initiated this action against an owner of property in its association and two property occupants on September 17, 2021 in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. (DE 1-1). Defendants allegedly violated Plaintiff's Governing Documents by keeping two dogs at the property and failing to pay maintenance fees. (DE 15 ¶¶ 6–9, 12). The Complaint seeks a permanent and temporary injunction, declaratory relief, and damages for breach of covenant. (*Id.* ¶¶ 22–46). On November 3, 2021, Defendant removed this action to federal court on the basis that Plaintiff's claims arise from its "illegal failure to grant a request for reasonable accommodation under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601, *et seq.*" (DE 1 ¶ 4), and Plaintiff's "right to relief necessarily depends on a resolution of a

substantial question of federal law." (*Id.* ¶ 6 (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Additionally, on October 22, 2021, after removal, Defendants filed a counterclaim against Plaintiff. (DE 4). Plaintiff moves to remand the case to state court on the basis that federal defenses or counterclaims do not provide a basis for removal. (DE 7 at 1). Defendants argue that removal is proper because Plaintiff's right to relief depends on the resolution of a federal question and because they raised federal counterclaims. (DE 1; DE 11).

## II.      LEGAL STANDARD

Any civil action initially brought in a state court may be removed to the proper district court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing jurisdiction and doubts are resolved in favor of remand. *Diaz*, 85 F. 3d at 1505. District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "As a general rule, a case arises under federal law only if it is federal law that creates the cause of action." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 8–10 (1983)).

District courts also have original jurisdiction over civil actions that are between "citizens of different States" where the amount in controversy "exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). However, "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

## III.     DISCUSSION

No basis exists for the exercise of subject matter jurisdiction over this case. This action does not arise under federal law because there is no substantial federal question presented by the

underlying complaint. First, federal law did not create Plaintiff's causes of action, all of which arise from a contract dispute. *See Diaz*, 85 F.3d at 1505. Second, the federal question Defendants raise is in fact a defense, and thus Plaintiff's right to relief does not depend on its resolution.[1] *See Franchise Tax*, 463 U.S. 1 at 13–14 (1983).

In their Notice of Removal, Defendants contend that under the artful pleading doctrine, Plaintiff intentionally "omit[ed] to plead necessary federal questions" to defeat federal jurisdiction because it omitted that the dogs at issue are emotional support animals and "protected under the FHA." (DE 1 ¶¶ 9–14). The "crux of Plaintiff's claim," according to Defendants, is contained in a Violation Notice attached to the Complaint referencing an accommodation request Defendants made and Plaintiff denied. (*Id.* ¶ 11). However Plaintiff need not plead even an anticipated defense in order to state a claim for relief, and a reference to an accommodation requested by Defendants does not raise a substantial question of federal law on the face of the well-pleaded complaint.

Defendants' reliance on *Sofarelli v. Pinellas County* in response to this Motion is misguided, as that case addressed removal pursuant to 28 U.S.C. § 1443, *see* 931 F. 2d 718 (11th Cir. 1991), whereas Defendants sought removal pursuant to 28 U.S.C. § 1331. (DE 1 at 1). And to the extent that Defendants argue that their counterclaim filed after removal provides the basis for federal question jurisdiction, that argument is untenable because removability is assessed at the

---

[1] Additionally, the federal question is not a substantial one such that it could support removal if such question could fairly be interpreted as being presented on the face of this complaint (which it cannot). *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005) (finding that a state law quiet title claim that depended on the interpretation of a genuinely disputed federal tax statute could be removed because the federal government has a strong interest in the interpretation of tax laws, it would not upset the federal-state balance in that quiet title cases rarely involve issues of federal law, and the resolution would control future cases); *see also Empire Healthchoice*, 547 U.S. at 681 (noting that, unlike in *Grable* which presented a pure issue of law, where a federal question presented in a state law claim is "fact-bound and situation specific," a federal forum is not essential and therefore removal was improper).

time of removal. *See Adventure Outdoors, Inc. v. Blomberg*, 552 F. 3d 1290, 1294–95 (11th Cir. 2008). Defendants' argument with respect to *Sabal Palm Condominiums of Pine Island Ridge Association, Inc. v. Fischer* is also misguided. *See* 6 Supp. 3d 1272 (S.D. Fla. 2014). Defendants argue that because the plaintiff in that case sought a declaratory judgment in federal court to expressly declare the parties' rights under the FHA, this Court should have original jurisdiction over *this* action. While true that federal law creates a cause of action for declaratory relief, Plaintiff did not seek such relief. And Plaintiff's state-law declaratory judgment count is devoid of any request for an assessment of rights under the FHA and, even considering the attached reference to an accommodation, which does not invoke or refer to the FHA, Plaintiff's complaint does not raise a substantial question of federal law.

Moreover, the underlying allegations in the Complaint do not support diversity jurisdiction. The Plaintiff and Defendant Maria Caglioti are citizens of Florida. (DE 15-1 ¶¶ 2–3). As such, the Court does not have subject matter jurisdiction over this action and remand is appropriate.

## IV.    CONCLUSION

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion to Remand (DE 7) is **GRANTED**.

(2) This action is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

(3) The Clerk of the Court shall **CLOSE THIS CASE** in this District.

(4)  The Clerk shall also **DENY** all pending motions **AS MOOT**.

**SIGNED** in Chambers at West Palm Beach, Florida, this 1st day of December, 2021.

Donald M. Middlebrooks
United States District Judge

cc:      Counsel of Record

5